UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK CHIDUME,

                Plaintiff,

-against-

GREENBURGH-NORTH CASTLE
UNION FREE SCHOOL DISTRICT;
CAROLYN MCGUFFOG, SUPERINTENDENT
OF SCHOOLS; ROBIN LEVINE, DIRECTOR OF
PUPIL PERSONNEL; ROBERT HENDRICKSON,
INTERIM PRINCIPAL OF CLARK SCHOOL,

                Defendants.

**COMPLAINT**

18-cv-

JURY TRIAL DEMANDED

Plaintiff PATRICK CHIDUME, by and through his attorneys GLASS KRAKOWER LLP, as and for his Complaint, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff tenured social studies teacher and former Union President Patrick Chidume brings this action against his employer Greenburgh-North Castle Union Free School District, and its Superintendent, Director of Pupil Personnel, and Interim Principal, pursuant to the federal Title VII and 42 U.S.C. Section 1981, based on race/national origin discrimination and retaliation, under the New York State Human Rights Law based on race/national origin discrimination, and 42 U.S.C. Section 1983 for retaliation based on his union activity as protected by the First Amendment, as well as claims for defamation, intentional and negligent infliction of emotional distress, and prima facie tort.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331, because this action involves federal claims for race and national origin discrimination under Title VII of the Civil Rights Act of 1964 and federal claims under 42 U.S.C. Section 1981 and 1983.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

4. Plaintiff Patrick Chidume is a resident of the State of New Jersey and a teacher and former union president within the Greenburgh-North Castle Union Free School District.

5. At all times relevant herein, Defendant Greenburgh-North Castle Union Free School District is a special act school district servicing students with disabilities pursuant to New York State Education Law.

6. At all times relevant herein, Defendant Carolyn McGuffog was the Superintendent of the District, and has been the Superintendent of the District since February 2017.

7. At all times relevant herein, Defendant Robert Hendrickson was the Interim Principal of the Clark School within the District. He is Caucasian.

8. At all times relevant herein, Defendant Robin Levine was the Director of Pupil Personnel within the District. She is Caucasian.

## FACTUAL ALLEGATIONS

9. Plaintiff has taught social studies in the District since March 1998 and has been a teacher since 1985.

10. Plaintiff is of Nigerian national origin, black race, and 60 years old.

11. Plaintiff has been working at the Clark Academy within the District since it opened in September 2005 in Dobbs Ferry, New York. The District also has three other schools, which are Greenburgh Academy in Yonkers, New York; the Reach Academy in West Harrison, New York; and Kaplan Academy in Newburgh, New York.

12. Plaintiff is a member of the Greenburgh United Teachers union, and became a building representative in 2007. On July l, 2014, Plaintiff became the Union President and served in that capacity until June 30, 2017.

13. In his capacity as Union President, Plaintiff commenced several grievances against the District on behalf of various staff members within the District who are part of the Union.

14. On or about June 1, 2017, Plaintiff filed a group grievance on behalf of 42 District teaching assistants, alleging that the District Superintendent violated the contract when she abolished the entire class of teaching assistant positions. Almost all of these 42 teaching assistants are black or Hispanic. Superintendent McGuffog is Caucasian.

15. Prior to filing the grievance on June 1, 2017, Plaintiff has always received all Satisfactory or Effective teaching ratings and no disciplinary letters or allegations against him of which he was aware.

16. Since filing that grievance on behalf of the teaching assistants within the District, Superintendent McGuffog has retaliated against Plaintiff by causing false allegations to be made against him with the New York State Justice Center. She also has involuntarily transferred Plaintiff

from the Clark Academy effective September 2017, which is the location at which he he had worked for many years in the District.

17. At the time Plaintiff handed in the grievance to the Superintendent in the business office on June 1, 2017, the Superintendent went into a tirade and screamed that Plaintiff would be held responsible if the District was shut down. She further stated that as a Union President, Plaintiff should protect the majority of the membership and that he should withdraw the grievance on behalf of the teaching assistants.

18. On or about June 23, 2017, a New York State Education Department Investigator Donna Oppenheimer confronted Plaintiff at work on the last day of school and informed Plaintiff that he was the subject of an investigation regarding allegations about doing union business on teaching time, and that he used students to make copies for himself or get coffee for himself. Plaintiff vigorously denied these allegations.

19. On July 5, 2017, the current union president Anthony Nicodemo informed Plaintiff that the Superintendent had indicated to him that the Superintendent did not like Plaintiff and that she found his accent repugnant. The Superintendent also confided in Mr. Nicodemo that she could not understand how Plaintiff was elected Union President in a school district that has a staff of about 80% Caucasians.

20. On or about July 17, 2017, Plaintiff was called to a meeting with the Superintendent and current union president Anthony Nicodemo (who is Caucasian) and told that there had been several allegations against him, which the District lawyer had substantiated. At the meeting, the Superintendent read off several allegations against Plaintiff in a meeting from a letter dated June 30, 2017, and handed him a Residential School Action Plan (RSAP), dated June 30, 2017.

21. At the same July 17th meeting, the Superintendent informed Plaintiff that she was involuntarily transferring him from Clark Academy, and followed up with a letter dated July 17,

2017, that he was being transferred to Greenburgh Academy in Yonkers effective September 5, 2017.

22. After being notified that he was being involuntarily transferred, Plaintiff filed a New York State Division of Human Rights (SDHR) charge based on race and national origin discrimination against the District on July 27, 2017, as well as an EEOC charge against the District on August 1, 2017.

23. In retaliation for filing his discrimination charges, on or about August 15, 2017, a New York State Justice Center Investigator Derrick Jackson confronted Plaintiff at Clark Academy and informed Plaintiff that he was the subject of an allegation from the District that he inappropriately told students that a man has a "right" to rape his wife. Plaintiff vigorously denied this allegation and explained that this was discussed in the context of a social studies lesson about foreign cultures. The investigator accepted Plaintiff's explanation and told Plaintiff that the investigation would be closed.

24. Plaintiff came to learn that District Director of Pupil Personnel Robin Levine and Clark School Interim Principal Robert Hendrickson coerced students to make false and damaging statements about Plaintiff that had ultimately been called into the Justice Center.

25. Because of the stress related to the discriminatory and retaliatory acts by the District and its employees against him, Plaintiff commenced a medical leave from the District, effective September 2017. Plaintiff remains on medical leave to date.

26. On or about October 3, 2017, after Plaintiff filed a charge with the SDHR and EEOC against the District, as well as a separate charge with the New York State Public Employment Relations Board (PERB), the Justice Center investigator returned to the school and spoke to Plaintiff's former teacher aide (with Plaintiff absent from the school) and asked the aide how Plaintiff interacted with

students and if Plaintiff abused students, and also if he got along well with the Superintendent and other school administrators.

27. Plaintiff withdrew his SDHR and EEOC charges based on administrative convenience and received a right to sue letter from the EEOC dated December 11, 2017. A copy of the right to sue letter is annexed hereto as Exhibit A.

28. On or about October 17, 2017, Plaintiff received a letter from the New York State Justice Center unsubstantiating the allegations of "psychological abuse" against him.

29. Plaintiff subsequently learned that the current union President Mr. Nicodemo (who is Caucasian and under 40 years old) is allowed to conduct union business on work time, even though misconduct allegations were brought against Plaintiff when he was Union President.

30. Plaintiff filed a notice of claim against Defendants on or about November 21, 2017 which has not been adjusted to date.

31. Plaintiff has suffered economic damages as a result of the discrimination and retaliation, including out of pocket medical expenses, and other potential per session and summer school opportunity losses.

## FIRST CLAIM FOR RELIEF

**(Claims for Violation of Title VII— Race and National Origin Discrimination and Retaliation against Defendant District)**

32. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

33. Defendant District, through the aforementioned conduct, has violated Title VII, by discriminating against Plaintiff based on his race (black) and Nigerian national origin.

34. Defendant District, through the aforementioned conduct, has violated Title VII by retaliating against Plaintiff based on his filing of SDHR and EEOC charges against the District.

## SECOND CLAIM FOR RELIEF

### (Claims for Violation of 42 U.S.C. Section 1981— Race Discrimination and Retaliation against all Defendants)

35. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

36. Defendants, through the aforementioned conduct, have violated 42 USC Section 1981, by discriminating against Plaintiff based on his race (black) and Nigerian national origin.

37. Defendants, through the aforementioned conduct, have violated 42 USC Section 1981 by retaliating against Plaintiff based on his filing of SDHR and EEOC charges against the District.

## THIRD CLAIM FOR RELIEF

### (Claims for Violation of 42 U.S.C. Section 1983—First Amendment Retaliation)

38. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

39. Defendants, through the aforementioned conduct, have violated 42 U.S.C. Section 1983, by retaliating against Plaintiff by advocating for other members as a Union President in violation of the First Amendment.

## FOURTH CLAIM FOR RELIEF

### (Claims for Violation of New York State Human Rights Law — National Origin/Racial Harassment Discrimination and Retaliation for Reporting Harassment against all Defendants)

40. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

41. Defendants, through the aforementioned conduct, have violated the New York State Human Rights Law, by discriminating against Plaintiff based on his race (black) and Nigerian national origin.

42. Defendants, through the aforementioned conduct, have violated the New York State Human Rights Law, by retaliating against Plaintiff based on his filing of SDHR and EEOC charges against the District.

## FIFTH CLAIM FOR RELIEF

### (Claims for Defamation against Individual Defendants)

43. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

44. Defendants, through the aforementioned conduct, have knowingly and maliciously defamed Plaintiff by making false derogatory allegations about Plaintiff and spreading false rumors about him, including but not limited to with the New York State Justice Center.

## SIXTH CLAIM FOR RELIEF

### (Claims for Intentional and Negligent Infliction of Emotional Distress against Individual Defendants)

45. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

46. By the aforementioned conduct, Defendants have caused Plaintiff intentional and negligent infliction of emotional distress.

## SEVENTH CLAIM FOR RELIEF

**(Tortious Interference with Contract/Prima Facie Tort against Individual Defendants)**

47. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

48. By the aforementioned conduct, Defendants have tortiously interfered with Plaintiff's contract by causing him to be removed from his teaching duties without justification based on false allegations against him including but not limited to with the New York State Justice Center.

## JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant District is in violation of federal Title VIl;

B. A declaratory judgment that Defendant(s) are in violation of 42 USC Section 1981;

C. A declaratory judgment that Defendant(s) are in violation of 42 USC Section 1983 for First Amendment retaliation;

D. A declaratory judgment that Defendant(s) are in violation of the New York State Human Rights Law;

E. A declaratory judgment that Defendant(s) are liable for defamation against Plaintiff;

F. A declaratory judgment that Defendant(s) are liable for intentional and/or negligent infliction of emotional distress against Plaintiff;

G. A declaratory judgment that Defendant(s) are liable for tortious interference with contract and/or prima facie tort against Plaintiff;

H. Awarding Plaintiff compensatory damages (including but not limited to emotional distress damages) and punitive damages (to the extent available) pursuant to Title VII, 42 USC Section 1981 and 42 USC Section 1983, and the New York State Human Rights Law, and the state law causes of action above;

I. Awarding Plaintiff costs and reasonable attorneys' fees; and

J. Such other and further relief as to this Court may deem necessary, just and proper.

Dated: New York, New York
February 27, 2018

        GLASS KRAKOWER LLP
        Attorneys for Plaintiff
        100 Church Street, 8th Floor, Suite 800
        New York, NY 10007
        (212) 537-6859

By: s/ [signature]
        Bryan D. Glass, Esq.