UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
PATRICK CHIDUME,

                  Plaintiff,

v.                                       <u>ORDER</u>

GREENBURGH-NORTH CASTLE        18-CV-01790 (PMH)
UNION FREE SCHOOL DISTRICT, et al.,

                  Defendants.
---------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      On October 20, 2020, the Court granted a motion to withdraw as counsel for Plaintiff Patrick Chidume, after receiving counsel's application under seal, as well as an *ex parte* e-mail response from Plaintiff. (Doc. 65). In its Order, the Court extended all deadlines in this case for 30 days to permit plaintiff to retain new counsel. (*Id*.). The Court instructed Plaintiff that if he intended to represent himself, he was directed submit his mailing address, telephone number, and email address to the Court within 30 days of the Order. (*Id*.). Plaintiff's outgoing counsel filed proof of service of a copy of the Court's October 20, 2020 Order upon Plaintiff by e-mail that same day, and by regular mail on October 21, 2020. (Doc. 66).

      To date, no new counsel for Plaintiff has filed a notice of appearance in this action. Plaintiff has also continued to fail to submit his mailing address, telephone number, and email address to the Court. In a letter dated November 23, 2020, Defendant advised that it attempted to contact Plaintiff by e-mail at the e-mail address set forth in his former counsel's proof of service, but the e-mails were returned as undeliverable. (Doc. 67). On December 4, 2020, the Court issued an Order to Show Cause warning Plaintiff that this action would be dismissed under Federal Rule of

Civil Procedure 41(b) unless, on or before January 4, 2021,[1] "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . for want of prosecution . . . ." (Doc. 69). The Court's Order to Show Cause warned Plaintiff that "[f]ailure to comply with this Court's Order will result in dismissal of this case for want of prosecution." (*Id.*). On December 7, 2020, Defendant's counsel filed proof of service of the Order to Show Cause in accordance therewith. (Doc. 70). Plaintiff has not responded to date.

## STANDARD OF REVIEW

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases

---

[1] The Court notes a typographical error in its December 4, 2020 Order to Show Cause, which directed a response by "January 4, 2020," instead of the year 2021.

and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims diligently, and dismissal . . . is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## ANALYSIS

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to respond to two separate orders over an approximately two-month period. On October 20, 2020, this Court issued an Order he was directing Plaintiff to submit his mailing address, telephone number, and email address to the Court

within 30 days of the Order. (Doc. 65). Receiving no response, and no new counsel for Plaintiff having appeared on his behalf, the Court issued an Order to Show Cause on December 4, 2020 and warned that the action would be dismissed for want of prosecution unless, on or before January 4, 2021, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . ." (Doc. 69). No response has been filed to date. Indeed, Plaintiff has not submitted anything to the Court since he opposed his former counsel's motion to withdraw by ex parte e-mail to Chambers on October 19, 2020. Plaintiff's failure to comply with two orders over two months is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, Plaintiff has been warned that failure to comply with the Court's directives could result in dismissal of this action. The December 4, 2020 Order to Show Cause warned that the case would be dismissed unless Plaintiff responded. (Doc. 69). Such warning supports dismissal. *See Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here in inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite Orders directing him to do so. Moreover, Plaintiff had not responded to Defendant's interrogatories and document requests, which were served upon Plaintiff on July 14, 2020 (Doc. 67), and the deadline for the parties to complete fact discovery was to expire on December 23, 2020.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders

undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since October 2020 the Court has issued two Orders pressing Plaintiff to participate in this action and update his address. He has not complied with those Orders and there is no reason to believe that he intends to pursue this action any further.

Finally, lesser sanctions are not appropriate. Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## CONCLUSION

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate this action and to mail a copy of this Order to Plaintiff at his last known address, P.O. Box 894, Jackson, New Jersey 08527.


SO-ORDERED:

Dated: New York, New York
        January 20, 2021

_____
Philip M. Halpern
United States District Judge

5